FILED

FEB 2 5 2021

Clerk, U.S. District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 06-45-GF-BMM-JTJ |
| Plaintiff, | |
| | **FINDINGS AND** |
| vs. | **RECOMMENDATIONS** |
| BILL TYRONE WATSON, | |
| Defendant. | |

## I.  Synopsis

Defendant Bill Tyrone Watson (Watson) has been accused of violating the conditions of his supervised release.  Watson admitted all of the alleged violations.  Watson's supervised release should be revoked.  Watson should be placed in custody for 4 months, with 56 months of supervised release to follow.

## II.  Status

Watson was found guilty of Attempted Sexual Abuse on July 27, 2006, following a jury trial.  (Doc. 37).  The Court sentenced Watson to 178 months of custody, followed by 5 years of supervised release.  (Doc. 55).  Watson's current term of supervised release began on June 21, 2019.  (Doc. 214 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on January 21, 2021, requesting that the Court revoke Watson's supervised release. (Doc. 214). The Amended Petition alleged that Watson had violated the conditions of his supervised release: 1) by committing another crime; 2) by knowingly associating with a convicted felon; 3) by consuming alcohol on two separate occasions; and 4) by failing to provide truthful answers to questions asked by his probation officer.

**Initial appearance**

Watson appeared before the undersigned for his initial appearance on February 23, 2021. Watson was represented by counsel. Watson stated that he had read the petition and that he understood the allegations. Watson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 23, 2021. Watson admitted that he had violated the conditions of his supervised release: 1) by committing another crime; 2) by knowingly associating with a convicted felon; 3) by consuming alcohol on two separate occasions; and 4) by failing to provide

2

truthful answers to questions asked by his probation officer.  The violations are serious and warrant revocation of Watson's supervised release.

Watson's violations are Grade C violations.  Watson's criminal history category is I.  Watson's underlying offense is a Class C felony.  Watson could be incarcerated for up to 24 months.  Watson could be ordered to remain on supervised release for up to 60 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Watson's supervised release should be revoked.  Watson should be incarcerated for 4 months, with 56 months of supervised release to follow.   This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Watson that the above sentence would be recommended to United States District Judge Brian Morris.  The Court also informed Watson of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Watson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That Bill Tyrone Watson violated the conditions of his supervised release:
>by committing another crime; by knowingly associating with a convicted
>felon; by consuming alcohol on two separate occasions; and by failing to
>provide truthful answers to questions asked by his probation officer.

The Court **RECOMMENDS:**

>That the District Court revoke Watson's supervised release
>and commit Watson to the custody of the United States Bureau of
>Prisons for 4 months, with 56 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

4

judge.

DATED this 25th day of February, 2021.

John Johnston
United States Magistrate Judge