IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>BILL TYRONE JAMES DESCHARM WATSON,<br><br>   Defendant. | CR 06-45-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Bill Tyrone James Descharm Watson (Watson) has been accused of violating the conditions of his supervised release. (Doc. 251). Watson admitted one of the alleged violations. Watson's supervised release should be revoked. Watson should be sentenced to TIME SERVED, with 7 months of supervised release to follow.

## II. Status

Watson was found guilty by a jury on July 27, 2006, of the offense of Attempted Sexual Abuse, in violation of 18 U.S.C. § 2242(A)(2)(B) as charged in Count 1 of the Indictment. (Doc. 32). Watson was sentenced to 178 months of

custody, with 5 years of supervised release to follow. (Doc. 55). Watson's current term of supervised release began on May 24, 2021.

**Petition**

On February 28, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Watson's supervised release. (Doc. 251). The Petition alleged Watson violated conditions of his supervised release by: (1) committing another federal, state or local crime by being charged on December 23, 2024, with Careless Driving , in violation of Chippewa-Cree Tribal Code VIII-3-11; (2) committing another federal, state or local crime by being charged on December 23, 2024, with Obstructing Traffic, in violation of Chippewa-Cree Tribal Code VIII-3-6; (3) committing another federal, state or local crime by being charged on December 23, 2024, with Negligently Endangering Another Person, in violation of Chippewa-Cree Tribal Code VIV-4-9; (4) failing to notify his probation officer within seventy-two hours that he had been questioned by a law enforcement officer on February 7, 2025; (5) committing another federal, state or local crime by being charged on February 23, 2025, with Negligently Endangering Another Person, in violation of Chippewa-Cree Tribal Code IV-4-9; (6) committing another federal, state or local crime by being charged on February 23, 2025, with Domestic Violence, in violation of Chippewa-Cree Tribal Code ordinance 2-97; and (7) committing

another federal, state or local crime by being charged on February 23, 2025, with Reporting Accidents, in violation of Chippewa-Cree Tribal Code VIII-3-7.

### Initial Appearance

Watson appeared before the Court on March 25, 2025. Watson was represented by counsel. Watson stated that he had read the Petition and that he understood the allegations against him. Watson waived his right to a preliminary hearing.

### Revocation hearing

Watson appeared before the Court on March 25, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Watson asserted his fifth amendment right in regard to allegations 1, 2, 3, 5, 6, and 7. Watson admitted that he had violated the conditions of supervised release as set forth in the Petition by: (4) failing to notify his probation officer within seventy-two hours that he had been questioned by a law enforcement officer on February 7, 2025. Watson's admitted violation is serious and warrants revocation of his supervised release. The Court continued Watson's sentencing until June 24, 2025.

### Sentencing hearing

Watson appeared before the Court on June 24, 2025. Watson's violations are a Grade C. His criminal history category is I. Watson's underlying offense is a Class C felony. Watson could be incarcerated for up to 24 months. Watson could

be ordered to remain on supervised release for 56 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months. The Government moved to dismiss allegations 1-3 and 6-7, which the Court granted.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Watson's supervised release should be revoked. Watson should be sentenced to TIME SERVED, with 7 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Watson that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Watson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Watson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That BILL TYRONE DESCHARM WATSON has violated the conditions of his supervised release by: (4) failing to notify his probation officer within seventy-two hours that he had been questioned by a law enforcement officer on February 7, 2025;

The Court **RECOMMENDS:**

That the District Court revoke Watson's supervised release and sentence Watson to TIME SERVED, with 7 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of June 2025.


John Johnston
United States Magistrate Judge